IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES ROBERT KLINE, JR.,
and MARILYN DEAN KLINE,
husband and wife,

      Plaintiffs,

    v.                                No. 12-CV-00955 WJ/RHS

STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois Insurance Company,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION FOR SANCTIONS**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Sanctions, filed March 29, 2013 (**Doc. 26**). Plaintiffs in this case are insured who are suing Defendant ("State Farm" for Defendant's refusal to defend and indemnify Plaintiffs against the claims brought against them by Daniel and Judith Gresham ("the Greshams") in the New Mexico state district court action. In that lawsuit, the Greshams asserted that Plaintiffs ("the Klines') made negligent and fraudulent misrepresentations concerning the condition of the house which they purchased from Plaintiffs.

On December 17, 2012, the Court granted the parties' joint motion to vacate the settlement conference scheduled in this case so that the parties could pursue private mediation on the underlying state court case, Cause No. D-101-CV-2011-0155, as well as the claims brought by Plaintiffs against Defendant in this federal lawsuit. *See* Doc. 16. In this motion, Plaintiffs request sanctions against Defendant for failing to mediate this case in good faith. They claim that State Farm appeared at the mediation through counsel and an adjuster, but then instead of

making an offer of settlement, announced that it was not prepared to make any offer of settlement while its Motion for Summary Judgment was pending.  The mediation was then terminated by all parties.

The Court has granted Defendant's motion for summary judgment, concluding that State Farm did not have a duty to defend or indemnify Plaintiffs in the claims asserted against them by the Greshams.  Doc. 28.

Fed.R.Civ.P. 16(f) authorizes the imposition of sanctions "if a party or party's attorney fails to participate in a pretrial or scheduling conference."  Plaintiffs' position is that State Farm should have, but did not, notify the Court beforehand that attending the settlement conference would be a waste of time.  Plaintiffs seek a reimbursement of attorneys' fees and expenses incurred in connection with the mediation.

The Court does not agree with Plaintiff that State Farm caused them to unnecessarily incur significant expense.  The fact that State Farm ultimately decided not to make an offer, and wait until the Court ruled on the pending summary judgment motion was not a showing of bad faith.  As it turned out, based on the Court's ruling on the summary judgment motion, State Farm made a wise decision.  Also, as Defendant notes, Plaintiffs do not explain how State Farm's decision not to settle had anything to do with the failure of the other parties (those connected with the underlying state court case) to settle.   Plaintiffs were not prejudiced or otherwise forced to incur unnecessary expenses because they were already scheduled to attend the mediation in the underlying case.[1]

---

[1]  Plaintiffs rely on cases which are not helpful here.  For example, they rely on *Karahuta v. Boardwalk Regency Corp.*,  2007 WL 2825722 (E.D.Pa.,2007), where defendant insurance adjustor did not attend the settlement conference with someone who had full settlement authority, in contravention of that court's order.  In the present case, the State Farm representative did have full and complete authority to settle the claims made by the Klines against State Farm.

In addition, Defendant points out that Plaintiffs failed to comply with D.N.M.LR-Civ. 7.1, in that Plaintiffs' counsel made no attempt to contact State Farm's counsel regarding the motion prior to filing it.  If there was any bad faith, it lies in the lap of Plaintiffs' counsel.

What transpired at the mediation in terms of evidence and testimony is not to be known, under the Confidentiality Agreement (Ex. A) that was signed by the parties and their attorneys. The Federal Rules of Civil Procedure do not require that a party *must* settle a case upon attending a settlement conference.  State Farm attended the private mediation through its claim manager, who traveled to Santa Fe from Tempe, Arizona, for the settlement conference, and had full and complete authority to settle Plaintiffs' claims.  Defendant's failure to make an offer does not constitute bad faith.

Accordingly, Plaintiffs' motion for sanctions is hereby DENIED.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE